CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Prathima Price, Esq., SBN 321378
Mail: 100 Pine St., Ste. 1250
San Francisco, CA 94111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Orlando Garcia**, <br><br> Plaintiff, <br><br> v. <br><br> **Kimberly I. Moore**, in individual and representative capacity as trustee of the Kimberly I. Moore Revocable Living Trust of 2020; **Nahek Enterprises, Inc**., a California Corporation <br><br> Defendants. | **Case No**. <br><br> **Complaint For Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Orlando Garcia complains of Kimberly I. Moore, in individual and representative capacity as trustee of the Kimberly I. Moore Revocable Living Trust of 2020; Nahek Enterprises, Inc., a California Corporation; and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. Plaintiff suffers from Cerebral Palsy. He has manual dexterity issues. He cannot walk. He uses a wheelchair for mobility.

Complaint

2.   Defendant Kimberly I. Moore, in individual and representative capacity as trustee of the Kimberly I. Moore Revocable Living Trust of 2020, owned the real property located at or about 600 Monterey Blvd., San Francisco, California, in February 2022.

3.   Defendant Kimberly I. Moore, in individual and representative capacity as trustee of the Kimberly I. Moore Revocable Living Trust of 2020, owns the real property located at or about 600 Monterey Blvd., San Francisco, California, currently.

4.   Defendant Nahek Enterprises, Inc. owned Kwik & Convenient located at or about 600 Monterey Blvd., San Francisco, California, in February 2022.

5.   Defendant Nahek Enterprises, Inc. owns Kwik & Convenient ("Store") located at or about 600 Monterey Blvd., San Francisco, California, currently.

6.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants are ascertained.

**JURISDICTION & VENUE:**

7.   The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of

Complaint

1    the same transactions, is also brought under California's Unruh Civil Rights

2    Act, which act expressly incorporates the Americans with Disabilities Act.

3    9.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

4    founded on the fact that the real property which is the subject of this action is

5    located in this district and that Plaintiff's cause of action arose in this district.

6

7    **FACTUAL ALLEGATIONS:**

8    10. Plaintiff went to the Store in February 2022 with the intention to avail

9    himself of its goods or services motivated in part to determine if the

10   defendants comply with the disability access laws. Not only did Plaintiff

11   personally encounter the unlawful barriers in February 2022, but he wanted

12   to return and patronize the business again but was specifically deterred due to

13   his actual personal knowledge of the barriers gleaned from his encounter with

14   them.

15   11. The Store is a facility open to the public, a place of public

16   accommodation, and a business establishment.

17   12. Unfortunately, on the date of the plaintiff's visit, the defendants failed

18   to provide wheelchair accessible parking in conformance with the ADA

19   Standards as it relates to wheelchair users like the plaintiff.

20   13. The Store provides parking to its customers but fails to provide

21   wheelchair accessible parking in conformance with the ADA Standards.

22   14. A couple of problems that plaintiff encountered was that there were no

23   van-accessible parking spaces. The only ADA parking space had a parking stall

24   that was 107 inches in width and an access aisle that was 55 inches in width.

25   This is not van accessible. What is more, the access aisle is not large enough

26   for standard, smaller vehicles, either. The signage in front of the parking space

27   was located too low. Also, the parking stall and access aisle marked and

28   reserved for persons with disabilities had slopes that exceeded 2.1%.

Complaint

1      15. Plaintiff believes that there are other features of the parking that likely

2   fail to comply with the ADA Standards and seeks to have fully compliant

3   parking for wheelchair users.

4      16. On information and belief, the defendants currently fail to provide

5   wheelchair accessible parking.

6      17. Additionally, on the date of the plaintiff's visit, the defendants failed to

7   provide wheelchair accessible paths of travel in conformance with the ADA

8   Standards as it relates to wheelchair users like the plaintiff.

9      18. The Store provides paths of travel to its customers but fails to provide

10  wheelchair accessible paths of travel in conformance with the ADA Standards.

11     19. A problem that plaintiff encountered was that the paths of travel inside

12  the Store narrowed to less than 36 inches in width in some places.

13     20. Plaintiff believes that there are other features of the paths of travel that

14  likely fail to comply with the ADA Standards and seeks to have fully compliant

15  paths of travel for wheelchair users.

16     21. On information and belief, the defendants currently fail to provide

17  wheelchair accessible paths of travel.

18     22. The failure to provide accessible facilities created difficulty and

19  discomfort for the Plaintiff.

20     23. These barriers relate to and impact the plaintiff's disability. Plaintiff

21  personally encountered these barriers.

22     24. As a wheelchair user, the plaintiff benefits from and is entitled to use

23  wheelchair accessible facilities. By failing to provide accessible facilities, the

24  defendants denied the plaintiff full and equal access.

25     25. The defendants have failed to maintain in working and useable

26  conditions those features required to provide ready access to persons with

27  disabilities.

28     26. The barriers identified above are easily removed without much

Complaint

1   difficulty or expense. They are the types of barriers identified by the
2   Department of Justice as presumably readily achievable to remove and, in fact,
3   these barriers are readily achievable to remove. Moreover, there are numerous
4   alternative accommodations that could be made to provide a greater level of
5   access if complete removal were not achievable.

6   27. Plaintiff will return to the Store to avail himself of its goods or services
7   and to determine compliance with the disability access laws once it is
8   represented to him that the Store and its facilities are accessible. Plaintiff is
9   currently deterred from doing so because of his knowledge of the existing
10   barriers and his uncertainty about the existence of yet other barriers on the
11   site. If the barriers are not removed, the plaintiff will face unlawful and
12   discriminatory barriers again.

13   28. Given the obvious and blatant nature of the barriers and violations
14   alleged herein, the plaintiff alleges, on information and belief, that there are
15   other violations and barriers on the site that relate to his disability. Plaintiff will
16   amend the complaint, to provide proper notice regarding the scope of this
17   lawsuit, once he conducts a site inspection. However, please be on notice that
18   the plaintiff seeks to have all barriers related to his disability remedied. See
19   *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff
20   encounters one barrier at a site, he can sue to have all barriers that relate to his
21   disability removed regardless of whether he personally encountered them).

22

23   **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**
24   **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all
25   Defendants.) (42 U.S.C. section 12101, et seq.)

26   29. Plaintiff re-pleads and incorporates by reference, as if fully set forth
27   again herein, the allegations contained in all prior paragraphs of this
28   complaint.

Complaint

30. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

      a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

      b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

      c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

31. When a business provides parking, it must provide accessible parking.

32. Here, accessible parking has not been provided in conformance with the ADA Standards.

33. When a business provides paths of travel, it must provide accessible paths of travel.

34. Here, accessible paths of travel have not been provided in conformance

Complaint

1    with the ADA Standards.

2    35. The Safe Harbor provisions of the 2010 Standards are not applicable

3    here because the conditions challenged in this lawsuit do not comply with the

4    1991 Standards.

5    36. A public accommodation must maintain in operable working condition

6    those features of its facilities and equipment that are required to be readily

7    accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

8    37. Here, the failure to ensure that the accessible facilities were available

9    and ready to be used by the plaintiff is a violation of the law.

10

11   **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

12   **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.

13   Code § 51-53.)

14   38. Plaintiff repleads and incorporates by reference, as if fully set forth

15   again herein, the allegations contained in all prior paragraphs of this

16   complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,

17   that persons with disabilities are entitled to full and equal accommodations,

18   advantages, facilities, privileges, or services in all business establishment of

19   every kind whatsoever within the jurisdiction of the State of California.  Cal.

20   Civ. Code §51(b).

21   39. The Unruh Act provides that a violation of the ADA is a violation of the

22   Unruh Act.  Cal. Civ. Code, § 51(f).

23   40. Defendants' acts and omissions, as herein alleged, have violated the

24   Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's

25   rights to full and equal use of the accommodations, advantages, facilities,

26   privileges, or services offered.

27   41. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

28   discomfort or embarrassment for the plaintiff, the defendants are also each

Complaint

1   responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-

2   (c).)

3

4       **PRAYER**:

5       Wherefore, Plaintiff prays that this Court award damages and provide

6   relief as follows:

7       1. For injunctive relief, compelling Defendants to comply with the

8   Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

9   plaintiff is not invoking section 55 of the California Civil Code and is not

10  seeking injunctive relief under the Disabled Persons Act at all.

11      2. For equitable nominal damages for violation of the ADA. See

12  *Uzuegbunam v. Preczewski*, --- U.S. ---, 2021 WL 850106 (U.S. Mar. 8, 2021)

13  and any other equitable relief the Court sees fit to grant.

14      3. Damages under the Unruh Civil Rights Act, which provides for actual

15  damages and a statutory minimum of $4,000 for each offense.

16      4. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

17  to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

18

19  Dated: March 28, 2022          CENTER FOR DISABILITY ACCESS

20

21                                  By: _____

22                                      Amanda Seabock, Esq.
                                        Attorney for plaintiff

23

24

25

26

27

28

8

Complaint